UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMAEL MOREIRA,

                Plaintiff,

      -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant.

23-CV-03442 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    The parties are hereby ORDERED to submit supplemental letter briefs, not to exceed three (3) pages, on the pending motion to compel arbitration by Monday, August 21, 2023, at 5:00 p.m. Absent further order of the Court, oral argument on the motion is hereby scheduled for Tuesday, August 29, at 10:00 a.m. in Courtroom 15A, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  The briefs should address:

1. Whether plaintiff's claims against Experian Information Solutions, Inc. ("EIS"), arise out of or otherwise have some nexus to plaintiff's enrollment in CreditWorks. *See McFarlane v. Altice USA, Inc.*, 524 F. Supp. 3d 264, 273-80 (S.D.N.Y. 2021) (holding that an arbitration provision does not apply to plaintiffs' claims "to the extent that they lack any nexus to the [agreement containing the arbitration provision]"); *see also* David Horton, *Infinite Arbitration Clauses*, 168 U. Pa. L. Rev. 633, 678-83 (2020) ("Because § 2 requires that a claim 'arise[s] out of' the container contract, it does not apply to the infinite portions of [arbitration] clauses.'").

2. Whether EIS's alleged violations of the Fair Credit Reporting Act would have occurred regardless of plaintiff's enrollment in CreditWorks, or whether plaintiff's enrollment in CreditWorks is somehow connected to EIS's alleged failures to follow reasonable

procedures to assure maximum accuracy of its reports and perform a reasonable reinvestigation of disputed information.

3. How the facts of this case (including the language of the arbitration provision) compare to the facts in *McFarlane*, 524 F. Supp. 3d at 273-80; *Davitashvili v. Grubhub Inc.*, 2023 WL 2537777, at *10-11 (S.D.N.Y. Mar. 16, 2023); and *Wexler v. AT & T Corp.*, 211 F. Supp. 3d 500, 503-05 (E.D.N.Y. 2016). Specifically, if either party takes the position that the phrase "arising out of relating to this Agreement" has a narrower scope than the language in these prior cases, they should address (1) whether in disputes with no relation to "this Agreement," arbitrability is nevertheless a question for the arbitrator; and if so, (2) how the language at issue in this case is meaningfully different from the language in the cases cited above.

SO ORDERED.

Dated: August 15, 2023
New York, New York

                                                                                             _____
                                                                                                        ARUN SUBRAMANIAN
                                                                                                        United States District Judge