# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8321
ktobitsch@jonesday.com

August 21, 2023

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Moreira v. Experian Information Solutions, Inc.*, Case No. 23-CV-03442 (AS)

Dear Judge Subramanian:

In response to Your Honor's order of August 15, 2023, defendant Experian Information Solutions, Inc. ("EIS"), submits this letter brief in support of its motion to compel arbitration.

**Question No. 1**

The resolution of the Court's first question—do Plaintiff's claims "arise out of or otherwise have some nexus to plaintiff's enrollment in CreditWorks?"—has been delegated to an arbitrator. *See* ECF No. 19-6 at 9 ("All issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision as well as the Agreement's other terms and conditions[.]"); *see also id.* (incorporating the AAA Rules). Accordingly, "a court possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 527-530 (2019). "That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Id.* The legal authority cited in the Court's order—*McFarlane v. Altice USA, Inc.*, 524 F. Supp. 3d 264, 273-80 (S.D.N.Y. 2021)—did not involve an arbitration agreement with a delegation clause.

Unlike the arbitration agreement in *McFarlane*—which extended to "all disputes," even those unmoored to the parties' contract—the Arbitration Agreement here is circumscribed to claims that "arise out of" or "relate to" the agreement. Based upon our research, no court has ever struck such clause as unconscionable in scope. To the contrary, such clauses—including the agreement before the Court—are roundly enforced. *See, e.g.*, *Yates v. Experian Information Solutions, Inc.*, Civil Action No. 3:22-cv-00143, 2023 WL 4747386, at *3 (S.D. Tex. July 25, 2023) ("It would be improper for this Court to usurp the arbitrator's role of determining whether the particular claims raised in this litigation fall within the ambit of the Terms of Use Agreement's arbitration clause."); *Kinkle v. Experian Information Solutions, Inc.*, 2023 WL 4105804, at *2 (S.D. Ind. June 21, 2023) (holding that the Arbitration Agreement in the CreditWorks Terms of Use "is not infinite in scope"); *Solis v. Experian Information Solution, Inc.*, 2023 WL 4474322, at

Hon. Arun Subramanian
August 21, 2023
Page 2

*4-*5 (M.D. Fla. July 11, 2023) (same); *see also Thomas v. Cricket Wireless, LLC*, 506 F. Supp. 3d 891, 904 (N.D. Cal. 2020) (distinguishing between "infinite" clauses and those that are limited to claims that relate to, or arise out of, an agreement); *Cooper v. Equifax Information Services, LLC*, 2020 WL 5848667 (D. Nev. Sept. 30, 2020) (same).

Regardless, Plaintiff's claims under the FCRA fall within the scope of the Arbitration Agreement. To start, the second section of the Terms of Use is entitled "PERMISSIBLE PURPOSE AND CONSENTS." ECF No. 9-6 at 3. When enrolling in CreditWorks, Plaintiff, pursuant to that section, provided express written consent "in accordance with the Fair Credit Reporting Act" to "obtain [his] credit report and/or credit score(s) . . . on a recurring basis" from defendant EIS through CreditWorks. As FCRA claims "'touch matters' covered by the parties' … agreement[], then those claims must be arbitrated[.]" *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 251 (2d Cir. 1991).) Or, as *Kinkle* put it, "there is no question that the FCRA claims [Plaintiff] brought against EIS plainly relate to the parties' agreement[.]" *Kinkle*, 2023 WL 4105804, at *2; *see also Solis*, 2023 WL 4474322, *5, n.9 (same).

**Question No. 2**

Here too, this question concerns the arbitrability of Plaintiff's claims which, pursuant to *Henry Schein*, has been delegated to an arbitrator to resolve. 139 S.Ct. at 527-530; *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 195 (2d Cir. 2019) ("The fact that a claim of arbitrability is groundless does not necessarily mean that the parties did not intend to have the question of arbitrability determined by arbitrators."); *Cimillo v. Experian Information Solutions, Inc.*, 21 CV 9132 (VB), 2023 WL 2473403 (S.D.N.Y. Mar. 13, 2023) (Briccetti, J.) ("[T]he Court concludes the [CreditWorks Terms of Use] evinces the parties' clear and unmistakable intent for an arbitrator to resolve the scope of the Arbitration Agreement, including whether plaintiff's FCRA claims must be arbitrated.").

Nonetheless, to address the Court's question, yes, Plaintiff's alleged violations of the FCRA are clearly based upon his CreditWorks agreement.[1] To start, on July 13, 2021, Plaintiff obtained and read two "Alerts" through CreditWorks notifying him that a creditor had reported him as "deceased" to EIS:

| | | | | | |
|---|---|---|---|---|---|
| 19 | 7/13/2021 9:34 | READ | Reported as Deceased. | Deceased | You have been reported as being deceased by a creditor. |
| 20 | 7/13/2021 9:33 | READ | Reported as Deceased. | Deceased | You have been reported as being deceased by a creditor. |

---

[1] Because arbitrability questions have been delegated to an arbitrator, EIS did not present this evidence in support of its motion. Nonetheless, if the Court would like copies of this evidence, EIS will submit such records to the Court for review.

JONES DAY

Hon. Arun Subramanian
August 21, 2023
Page 3

Plaintiff then used that information to support his FCRA claim against EIS that it had erroneously reported him as deceased:

> 80. In particular, since at least on or about July 13, 2021, Experian began indicating in Plaintiff's credit file and on its consumer reports concerning Plaintiff, in relation to two Child Support Enforcement account tradelines, a "Status" of "Consumer reported as deceased" and a "Responsibility" of "Deceased."

The date of the two "Alerts"—July 13, 2021—corresponds directly with the allegation in Paragraph 80. Further, in Paragraphs 98 and 99 of the Complaint, Plaintiff alleges that, "[i]n or about December 2022," Plaintiff "was intent more than ever on correcting his credit profile" and "[a]ccordingly, Plaintiff obtained a[nd] reviewed a copy of his Experian, Trans Union, and Equifax Report." As reflected in his CreditWorks "Credit Report Pulls" history, Plaintiff obtained three credit reports from EIS in December 2022: 12/11/2022, 12/16/2022, and 12/25/2022. Moreover, at least half of the documents that Plaintiff produced in discovery in this case were obtained through his CreditWorks membership. In light of the foregoing, it is inconceivable that an arbitrator will find that Plaintiff's claims do not "relate to" his CreditWorks agreement.

**Question No. 3**

The agreement in *McFarlane* extends to "[a]ny and all disputes arising between You and Altice, including its respective parents, subsidiaries, affiliates, officers, directors, employees, agents, predecessors, and successors" unmoored to the parties' agreement. The clauses in *Davitashvili* and *Wexler* are of the same ilk. In all three cases, arbitrability had not been delegated to an arbitrator. Here, by contrast, the Arbitration Agreement is facially limited to "all disputes and claims between us arising out of or relating to this Agreement to the maximum extent permitted by law[.]" The obvious difference in scope between these two clauses is set forth in *Yates*, *Kinkle*, and *Solis*, which construed the same agreement undergirding EIS's motion here. Further, as noted, the Arbitration Agreement delegates "[a]ll issues" to an arbitrator. *Cimillo*, 2023 WL 2473403. Thus, whether a dispute is arbitrable—*i.e.*, does it relate to or arise out of the agreement—is for an arbitrator to decide. *Henry Schein*, 139 S.Ct. at 527-530. Regardless, as demonstrated above, Plaintiff's claims are expressly grounded upon facts that he learned through CreditWorks. Thus, there is a clear and obvious relationship between Plaintiff's claims and "this Agreement."

Respectfully submitted,

*/s/ Kerianne Tobitsch*
Kerianne Tobitsch

cc: All counsel of record (via ECF)